## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bobby Ross II, Petitioner Below,**
**Petitioner**

**vs) No. 13-0617** (Kanawha County 06-MISC-291)

**Marvin Plumley, Warden, Huttonsville**
**Correctional Center, Respondent Below, Respondent**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Bobby Ross II, by counsel Lonnie C. Simmons and Olubunmi T. Kusimo, appeals the Circuit Court of Kanawha County's May 16, 2013, order denying his petition for writ of habeas corpus. Respondent Warden Marvin Plumley, by counsel Julie A. Warren, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus because his sentence for attempted aggravated robbery is unconstitutionally disproportionate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was found guilty of first degree sexual abuse, burglary, and attempted aggravated robbery in 1988. He was then sentenced to the following terms of incarceration: one to five years for first degree sexual abuse; one to fifteen years for nighttime burglary; and 100 years for attempted aggravated robbery. Petitioner appealed his convictions and sentences. In *State v. Ross*, 184 W.Va. 579, 402 S.E.2d 248 (1990), the Court affirmed petitioner's convictions and specifically found that the 100 year sentence for aggravated robbery was not unconstitutionally disproportionate.

After petitioner initiated a habeas corpus action in the circuit court, the circuit court denied the petition in August of 2008. However, after having new counsel appointed in the habeas proceeding below, petitioner requested that the matter be re-opened so that he could take testimony from trial counsel. By order entered on December 12, 2009, the circuit court re-opened the habeas proceeding and allowed petitioner to take testimony from his trial counsel. Additionally, petitioner's habeas attorney petitioned this Court to amend its prior decision in *Ross*, which stated that petitioner was convicted of first degree sexual assault when he was actually convicted of first degree sexual abuse. By order entered on July 13, 2011, the Court did

1

amend its prior opinion. Petitioner's counsel then filed an amended petition for writ of habeas corpus in the circuit court and an omnibus hearing was held on November 17, 2011. By order entered on April 3, 2013, the circuit court entered an order denying the petition. On May 16, 2013, the circuit court entered an amended order denying the petition and incorporating the rulings from the August 28, 2008, order denying petitioner habeas relief. It is from this order that petitioner appeals.

We have previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012). Upon our review, we find no error in the circuit court denying the petition for writ of habeas corpus.[1] Petitioner is correct that the standard for determining if a particular sentence is disproportionate to the crime can change over time as society's standards of decency evolve. See *Atkins v. Virginia*, 536 U.S. 304, 311-12, 122 S.Ct. 2242, 2247 (2002). However, petitioner fails to acknowledge that this evolving standard and the case law to which he cites do not entitle petitioner to additional review of issues that have been fully and fairly litigated.

In discussing the application of res judicata to habeas corpus proceedings, we have stated that

> [f]requently habeas corpus petitioners seek collateral review of evidentiary or constitutional questions, such as the admissibility of a confession or failure to exclude physical evidence, when those issues were fully and fairly litigated during the trial and a record of the proceedings is available. In that event a court may apply rules of res judicata in habeas corpus because the issue has actually been fully litigated.

*Losh v. McKenzie*, 166 W.Va. 762, 765, 277 S.E.2d 606, 609 (1981) (citing *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975)). Further, in addressing this issue, we have stated that

---

[1]In the circuit court habeas proceedings, petitioner raised multiple grounds for relief. However, on appeal, petitioner alleges only that his sentence for attempted aggravated robbery is unconstitutional. As such, the Court will address only this ground for relief in the memorandum decision. Additionally, the circuit court denied petitioner relief in regard to his claim of an unconstitutionally disproportionate sentence for attempted aggravated robbery because it found that petitioner's sentence did not shock the conscience. However, because the Court is affirming the denial of the petition for writ of habeas corpus on separate grounds, we will not address this finding.

"W.Va.Code, 53–4A–1(d) [1967] allows a petition for post-conviction habeas corpus relief to advance contentions or grounds which have been previously adjudicated only if those contentions or grounds are based upon subsequent court decisions which impose new substantive or procedural standards in criminal proceedings that are intended to be applied retroactively." Syllabus Point 1, *Bowman v. Leverette*, 169 W.Va. 589, 289 S.E.2d 435 (1982).

Syl. Pt. 3, *State ex rel. Waldron v. Scott*, 222 W.Va. 122, 663 S.E.2d 576 (2008).

As such, it is clear that petitioner was not entitled to a second review of his sentence's constitutionality, since this Court has already fully and fairly litigated that issue and he has pointed to no new substantive or procedural standards in criminal proceedings that are intended to be applied retroactively. Specifically, in regard to petitioner's 100-year sentence for attempted aggravated robbery, we held that

[i]n view of the nature of the offense committed, as well as the nature of the defendant's character, his psychological profile, and his previous behavior, this Court cannot conclude that the attempted aggravated robbery sentence imposed upon him by the Circuit Court of Kanawha County violates the proportionality principle contained in Article III, § 5 of the West Virginia Constitution as alleged by the defendant or that his conviction should be reversed on the ground that the sentence is disproportionate.

*Ross* at 582, 402 S.E.2d at 251. This holding was based, in part, upon findings that petitioner "seriously and violently intruded upon the victim's personal space and person," and that "there is evidence that [petitioner] violently seized the victim, threatened her with a knife, and violently forced her to engage in sexual activity against her will." *Id*. As such, the Court finds no error in the circuit court's order denying petitioner relief because petitioner was not entitled to additional review on the issue.

For the foregoing reasons, the circuit court's May 16, 2013, order denying petitioner's petition for writ of habeas corpus is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II